IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MALOOF, | ) | Case Nos. 1:03CV2038; 1:03CV2044; |
| | ) | 1:03CV2106; 1:04CV0092; |
| Appellant, | ) | 1:04CV0307 |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| LEVEL PROPANE GASES, INC., et al., | ) | |
| | ) | |
| Appellees. | ) | MEMORANDUM AND ORDER |

These appeals arise from the dissolution of Level Propane Gases, Inc. ("Level Propane"). All five cases have been brought *pro se* by the former principal shareholder and CEO of Level Propane, William H. Maloof ("Maloof"). Each of the appeals stems from Chapter 11 proceedings in the Bankruptcy Court for this District concerning Level Propane and its affiliated companies. On July 13, 2005, the court heard oral argument on all five cases from both Maloof and the trustees now charged with representing the interests of Level Propane. For the following reasons, the court affirms the Bankruptcy Court's rulings and dismisses the appeals.

**I. Background**

The major parties in interest in the Level Propane bankruptcy reached a proposed Global Settlement in April of 2003. On April 28, 2003, these parties filed a motion for approval of said Global Settlement. A single entity, William Blair & Company, LLC, objected to the Global Settlement, and the Bankruptcy Court sustained this objection in an order dated May 28, 2003.

On April 29, 2003, the debtors submitted a motion seeking Bankruptcy Court approval of the sale of substantially all Level Propane assets, including executory contracts and unexpired leases, to Eaglerock Propane ("Eaglerock"), a so-called "stalking horse bidder." As described by the debtor/appellees, the purpose of this sale was to preserve Level Propane's assets during the pendency of the bankruptcy. Maloof and several others objected to the motion for sale of propane assets. On June 24, 2003, the Bankruptcy Court heard argument from Maloof regarding his objections. At the conclusion of this hearing, the court overruled the objections, finding them

> more in the form of questions raised as opposed to a substantiation of any substantive or procedural challenges to the sale that's before the Court. And otherwise, there's been no challenge with regard to any alleged improprieties shown with regard to the subject sale. The burden of proof is, of course, on the objectant in such matters and ... such burden has not been met[.]

Appellees' Brief, Case No. 03-2038, at 2. On June 27, 2003, the Bankruptcy Court entered its order approving the proposed sale.

The parties also reached a revised Global Settlement, which they submitted to the Bankruptcy Court for approval on June 6, 2003. Maloof filed his objection to this agreement as well, and a hearing was held on his objection on June 17, 2003. On June 20, 2003, the court overruled Maloof's objections and entered its order approving the Global Settlement.

On April 21, 2003, the Bankruptcy Court appointed an Examiner to "investigate allegations of fraud and misdeeds" made against Benesch, Friedlander, Coplan & Aronoff ("BFCA"), attorneys for the debtor corporations. On July 29, 2003, Maloof filed a motion to compel in the Bankruptcy Court, in which he alleged that certain of the Level Propane debtors had not complied with a subpoena issued by the court's Examiner. On September 5, 2003, the Bankruptcy Court issued an order denying Maloof's motion. The court found that, because the Examiner "is the proper party who holds the right sought to be enforced," Maloof lacked standing to prosecute the motion.

On November 5, 2003, the Level Propane debtors filed a motion similar to their motion for approval of sale dated April 29. In the November 5 motion, the debtors sought approval of the sale of Level Propane's parking lot assets, at that time organized under the aegis of an entity called "Park Place Management, Inc." The stated purpose of this sale was to maximize the value of the parking lot businesses in the interest of creditors and customers. Although an objection to the motion was filed by George and Nora Maloof, William Maloof did not object to the sale – neither before the Bankruptcy Court held a hearing; nor on December 9, 2003, when such a hearing was held; nor following the court's approval of the sale on December 10, 2003.

Finally, on January 5 & 7, 2004, Maloof moved the Bankruptcy Court to stay its orders approving both the sale of propane assets and the sale of parking lot assets. The Bankruptcy Court denied these motions on January 20, 2004, finding that Maloof's objection to the propane sale was moot, and that Maloof lacked standing to object to the parking lot sale, as a result of his previous failure to object.

Maloof filed his appeal in Case No. 03-2038 on July 2, 2003, challenging the sale of propane assets to Eaglerock. In Case No. 03-2044, filed June 30, 2003, Maloof challenges the Bankruptcy Court's approval of the Revised Global Settlement. In Case No. 03-2106, Maloof challenges the denial of his motion to compel. In Case No. 04-0092, filed December 22, 2003, Maloof challenges the Bankruptcy Court's approval of the parking lot sale, and in Case No. 04-0307, Maloof appeals the denial of his motions for a stay of the various sales.

**II. Discussion**

Each of Maloof's arguments is entirely without merit. Maloof's failure to seek a stay prior to the disposal of the disputed propane assets is fatal to his claims in Cases No. 03-2038 and 03-2004. The debtor/appellees contend, and Maloof does not dispute, that the approved sale was consummated on July 2, 2003. Maloof did not seek a stay of this sale until January of 2004, after which there were no propane assets remaining in the possession of Level Propane. Bankruptcy law is clear in its pronouncement that the failure to seek a stay prior to the consummation of a sale to a good faith purchaser subjects an appeal to dismissal for mootness. *See, e.g., 255 Park Plaza Assocs. Ltd. Pshp. v. Connecticut Gen. Life Ins. Co. (In re 255 Park Plaza Assocs. Ltd. Pshp.)*, 100 F.3d 1214 (6th Cir., 1996):

> The bankruptcy mootness rule differs from general mootness law because it is based on the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot, and the particular need for finality in orders regarding stays in bankruptcy ... Bankruptcy's mootness rule is premised upon considerations of finality, protection of the integrity of the foreclosure sale process, and the court's inability to rescind the sale and grant relief on appeal even if the purchaser of the property is a party to the appeal.

*Id*. at 1216 (citations and internal quotation marks omitted). The rule itself may be found at 11 U.S.C. § 363(m):

> The reversal or modification on appeal of an authorization ... of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Again, Maloof did not seek a stay in this case until more than six months after the propane assets were sold to Eaglerock. The record contains no evidence establishing Eaglerock as anything other than a good faith purchaser under § 363. The mootness rule is therefore triggered, and Maloof cannot prevail in these two appeals.

Maloof's arguments in Case No. 03-2106 suffer from similar fatal flaws. It is evident that Maloof did not possess standing to enforce the rights of the Examiner appointed by the Bankruptcy Court. The

- 4 -

Bankruptcy Court found as much in its order of September 5, 2003. Additionally, the Level Propane debtors point out that the Examiner issued his final report on June 6, 2003, well before Maloof filed his Motion to Compel. In that report, the Examiner noted that "all parties in interest who were contacted for interviews and/or documents, including the Debtors ... cooperated fully with the Examiner, produced documents as quickly as possible and made appropriate representatives available for interview." B.R. 1616 at 2; Appellees' Brief, Case No. 03-2106, at 4. In a final damning failure, Maloof did not comply with this court's order to file a brief in Case No. 03-2106[1].

Maloof also lacks standing to bring an appeal in Case No.s 04-0092 and 04-0307, as he failed to object to the sale of the parking lot assets at any point before requesting a stay from the Bankruptcy Court. This failure precludes him both from challenging the sale itself (under the doctrine of preservation of objections), and from challenging the denial of a stay. The Bankruptcy Court, like this court, lacks the power to grant a stay of a sale pursuant to bankruptcy to anyone other than a "person aggrieved." Without objecting to the sale, Maloof cannot qualify as such a person. *See Lloyd v. Webster Apartments Co.*, 135 F.2d 971, 973-974 (6th Cir., 1943)("appellant, by her acquiescence, personally or through her counsel of record, is bound, and now precluded from raising the issues on appeal.")

Even if the court were to somehow disregard these crucial procedural impediments, all five cases are substantially flawed on their merits. Maloof's arguments, as contained in his four briefs, consist entirely of cursory and unsupported statements of fraud committed by the Debtors' counsel. Without some manner of support for these allegations, the court must uphold the determination of the Bankruptcy

---

[1] Maloof did avail himself of the opportunity to file a post-hearing brief following the July 13 hearing – *see* Case No. 03-2106, Docket No. 21. This document contains assertions in the most general form, and nothing directly pertinent to his arguments concerning cooperation with the Examiner.

Court and its independent Examiner that the disposition of the Level Propane businesses in bankruptcy was entirely legitimate and above-board.

### III. Conclusion

For the foregoing reasons, the court finds in favor of the Level Propane appellees in Case Nos. 03CV2038, 03CV2044, 03CV2106, 04CV0092 and 04CV0307, and dismisses Maloof's appeals.

This order is final and appealable.

IT IS SO ORDERED.

s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: March 24, 2006**